UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MACKEY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>C. COLLINS, et al.,<br><br>　　　　　　Defendants. | Case No. 22-cv-04340 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

　　　Plaintiff, a state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against officers as San Quentin State Prison ("SQSP") where he is currently confined.  Dkt. Not. 4.  Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

**DISCUSSION**

**A.　Standard of Review**

　　　A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Plaintiff's Claims**

Plaintiff alleges staff misconduct under 15 CCR 3040.1 and 15 CCR 3040.2(b)," and that he suffered "inhumane prison conditions and treatment through staff misconduct between officials CCIII C. Collins, D. Farez, Lt. T. Teixeira, and Capt. J. Arnold, on April 14, 2021." Dkt. No. 4 at 2-3. Plaintiff claims he was placed in the Cognitive Behavioral Intervention ("CBI") Program, and that when he wanted to get out of the program, he was threatened and given an RVR (rules violation report) for failing to attend. *Id.* at 3. Plaintiff claims that he was found not guilty of the RVR, which was issued on April 14, 2021, but then later received another one from Defendant Collins on August 7, 2022. *Id.* Plaintiff asserts that his claims are in accordance with "*In re Harrell* (1970) 2 Cal.2d 675, and *Bounds v. Smith* (1977) 430 U.S. 817." *Id.* at 2. Plaintiff requests a formal investigation, adjudication of RVRs with the findings of not guilty on all accounts, that all officers be disciplined, and immediate expungement of the RVR. *Id.* at 3.

There are several problems with this complaint. First of all, the two cases Plaintiff sets forth as a basis for his claims are not obviously relevant to the allegations made against Defendants. *In re Harrell* involves rights of California inmates to give and receive mutual legal access, have access to the courts, and receive published materials. 2 Cal.2d 675. *Bounds* involves the rights of prisoners to access to the courts by providing them with law libraries or alternative sources of legal knowledge. 430 U.S. 817. However, nowhere in the complaint does Plaintiff make any allegation indicating that Defendants

2

denied him access to the courts.

Instead, Plaintiff asserts that he was wrongly disciplined for refusing to participate in CBI, which is a specific type of health care service. Cal. Code Regs. tit. 15 § 3041.1. However, his challenge to these disciplinary actions does not state a cognizable claim. First of all, Plaintiff alleges that he was found not guilty of the RVR issued on April 14, 2021, and the supporting documents show that he received no sanctions. Dkt. No. 4 at 24. Therefore, it cannot be said that Plaintiff suffered any unconstitutional deprivation with respect to that RVR.

With regards to the second RVR allegedly issued on August 7, 2022, Plaintiff may challenge that RVR only after the disciplinary proceedings have concluded *and* after he has exhausted administrative remedies. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). He clearly could not have exhausted administrative remedies at the time he filed the instant complaint because he filed the complaint on the same day that the RVR was issued. Dkt. No. 4 at 3 (signature dated August 7, 2022). Even if the disciplinary proceedings have since concluded and administrative remedies are exhausted, Plaintiff may state a cognizable claim only if he is able to allege all of the following: (1) he was found guilty of the RVR, (2) he was deprived of the procedural protections under *Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974), *and* (3) he suffered a deprivation of "real substance" as defined in *Sandin v. Conner*, 515 U.S. 472, 487 (1995).

Lastly, the complaint fails to allege sufficient facts to support a claim against all the named Defendants. Plaintiff alleges generally that Defendants Collins, Farez, Teixeira, and Arnold engaged in staff misconduct that resulted in inhumane prison conditions and treatment. However, this allegation is conclusory without any factual allegations in

3

support.  The only specific allegations he makes are against Defendant Collins who issued the RVR, but they are insufficient to state a cognizable claim for the reasons discussed above.

Plaintiff shall be granted one opportunity to file an amended complaint to cure the deficiencies discussed above and attempt to state a cognizable claim.  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted).  To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  *See Leer*, 844 F.2d at 633.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is **DISMISSED with leave to amend**.  Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to correct the deficiencies described above.  The amended complaint must include the caption and civil case number used in this order, Case No. 22-cv-04340 BLF (PR), and the words

4

"AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2. **Failure to respond in accordance with this order in the time provided will result in the dismissal with prejudice of this action for failure to state a claim, without further notice to Plaintiff.**

3. The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated:  ___December 5, 2022___

*[signature]*
BETH LABSON FREEMAN
United States District Judge

Order of Dism. With Leave to Amend
PRO-SE\BLF\CR.22\04340Mackey_dwlta